IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott N. Johnson, | ) |
| | ) 2:11-cv-02887-GEB-CKD |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER RE: SETTLEMENT AND |
| | ) DISPOSITION |
| John Boyd Enterprises, Inc., | ) |
| Individually and d/b/a Radiator | ) |
| Specialties; John A. Boyd, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff filed a "Notice of Settlement" on March 8, 2012, in which he states, "the parties have settled this action[, and d]ispositional documents will be filed within (30) calendar days." (ECF No. 11.)

Therefore, a dispositional document shall be filed no later than April 9, 2012. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Further, the Status Conference scheduled for hearing on March 26, 2012, is continued to commence at 9:00 a.m. on April 23, 2012, in the event no dispositional document is filed, or if this action is not

1 | otherwise dismissed.[1]  A joint status report shall be filed fourteen (14)
2 | days prior to the Status Conference.
3 |       IT IS SO ORDERED.
4 | Dated:  March 8, 2012

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The Status Conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).